Filed 1/8/16  Phelps v. Bishop CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WILLIE M. PHELPS, | B260734 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC557319) |
| v. | |
| TYESHA MARIE MAUDE BISHOP, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert H. O'Brien, Judge.  (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Tyesha M. M. Bishop, in pro. per., for Defendant and Appellant.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Plaintiff and Respondent.

_____

After successfully suing her former landlord for constructive eviction, Willie M. Phelps (Phelps) brought this fraudulent transfer lawsuit when the landlord gifted the apartment building to his daughter Tyesha Marie Maude Bishop (Bishop) seemingly to avoid paying the damages awarded to Phelps. After Bishop failed to file an opposition to Phelps' motion for a preliminary injunction, the trial court granted the preliminary injunction enjoining Bishop from transferring the property pending the upcoming trial. We affirm.

## BACKGROUND

### I. Facts of the case

After her landlord Reggie Lyn Bishop, Sr., (Bishop's father) turned off her water and gas to force her to vacate her home of many years, Phelps successfully sued for constructive eviction. Following a jury trial, the Los Angeles Superior Court awarded damages and attorney fees totaling $261,424. We affirmed the judgment.

One week after the judgment was entered, the landlord transferred for no consideration the apartment building (valued at $500,000) to his daughter Bishop. Phelps then brought this lawsuit arguing Bishop's father fraudulently transferred the property without receiving reasonably equivalent value to hide his assets, appear insolvent, and avoid paying the judgment to Phelps.

### II. Procedural history

Phelps moved for a preliminary injunction enjoining Bishop from transferring the property pending trial. Bishop, who was represented by counsel at the time, filed no opposition. The trial court granted the preliminary injunction. Bishop then filed this appeal in propria person.

## DISCUSSION

The trial court did not abuse its discretion in granting the preliminary injunction. First, we review the grant of a preliminary injunction under the abuse of discretion standard. (*Professional Engineers v. Department of Transportation* (1997) 15 Cal.4th 543, 562.) Second, a party cannot urge on appeal an issue not raised before the trial court. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603; *Estate of Westerman* (1968) 68

2

Cal.2d 267, 279.)  Here, Bishop filed no opposition to Phelps' motion for a preliminary injunction.  By failing to raise any argument before the trial court, Bishop is precluded from making any argument on appeal.  While Bishop argues that she filed a demurrer to challenge the preliminary injunction, that did not occur until after the trial court had already granted the preliminary injunction.  Therefore, we affirm.

## DISPOSITION

The order is affirmed.  Costs are awarded to Willie M. Phelps.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.